UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br>　　　　　Plaintiff,<br>　　v.<br>BOARD OF PAROLE, ADULT PAROLE OPERATIONS, et al.,<br>　　　　　Defendants. | Case No. 25-cv-04420-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Monroe Jones brings suit against California's Division of Parole Operations and Parole Agent Supervisor Virgil Jorge for requiring him to wear an ankle monitor as part of his punishment for a recent criminal offense. He alleges that imposition of this condition violated his constitutional rights in various ways. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

This federal civil rights action is DISMISSED because parole officials are absolutely immune for imposing parole conditions, even if those conditions are unconstitutional.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1   upon which relief may be granted or seek monetary relief from a defendant who is immune
2   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
3   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

   A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

   Jones alleges that the Division of Parole Operations and Virgil Jorge, a supervisor within the Division, violated his constitutional rights by imposing an ankle-monitor condition as part of his parole.  (Compl., Dkt. No. 1 at 8.)  Such a condition was not warranted by his offense, he contends, but was related to a prior offense.  (*Id.*)

   This civil rights action must be dismissed because parole officials are absolutely immune from suit for imposing parole conditions, even if those conditions are unconstitutional.  *Thornton v. Brown*, 757 F.3d 834, 839-840 (9th Cir. 2013) (parole officials are entitled to quasi-judicial immunity for the imposition of parole conditions because such acts are integrally related to an officer's decision to grant or revoke parole, which is a quasi-judicial function).  Even if the imposition of such a condition was mistaken, defendants are still immune.  "Quasi-judicial immunity completely shields

1  covered officials when they perform the functions which give rise to the need for absolute
2  protection, even when the officials make egregious mistakes in carrying out these duties."
3  *Anderson v. Boyd*, 714 F.2d 906, 908-09 (9th Cir. 1983).
4      The claims against the Board itself must be dismissed because agencies of the state
5  are immune from suit in federal court under the Eleventh Amendment.  *Brown v.*
6  *California Department of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009).
7      Jones's application to proceed in forma pauperis is GRANTED.  (Dkt. No. 10.)

## CONCLUSION

The complaint is DISMISSED.  The application to proceed in forma pauperis is GRANTED.  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

Dated:  October 22, 2025



WILLIAM H. ORRICK
United States District Judge